UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| ALEXEI ORLOV, | ) | |
| | ) | |
| Plaintiff | ) | Civ. No.  1:07-cv-350 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| PHYLLIS HOWARD, District Director, | ) | |
| U.S. Citizenship and Immigration Services, et al., | ) | |
| | ) | |
| Defendants | ) | |

_____

## <u>MOTION TO FILE SUPPLEMENTAL PLEADING</u>

Pursuant to Fed. R. Civ. P. 15(d), the Plaintiff Alexei Orlov, by counsel, respectfully moves this Court for permission to file a supplemental pleading in the above-captioned case.  In support of this Motion, the Plaintiff refers the Court to the accompanying Memorandum of Points and Authorities.  A proposed Order consistent with this Motion is also attached.

Respectfully submitted,

ALEXEI ORLOV

*By counsel,*

_____/s/_____
Thomas K. Ragland
DC Bar Number: 501021

MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
Phone:  (202) 483-0053
Fax:  (202) 483-6801
tragland@maggio-kattar.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

)
ALEXEI ORLOV,                                    )
                                                 )
        Plaintiff                                )        Civ. No.  1:07-cv-350 (JDB)
                                                 )
v.                                               )
                                                 )
PHYLLIS HOWARD, District Director,               )
U.S. Citizenship and Immigration Services, et al.,  )
                                                 )
        Defendants                               )
_____)

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FILE SUPPLEMENTAL PLEADING

Pursuant to Fed. R. Civ. P. 15(d), the Plaintiff Alexei Orlov, by counsel, respectfully moves this Court for permission to file a supplemental pleading in the above-captioned case. Supplemental pleading is appropriate to inform the Court of recent authority that has come to the Plaintiff's attention, which pertains to the central legal arguments at issue in this case: *Liu v. Novak*, – F. Supp. 2d – (Slip Opinion), 2007 WL 2460425 (D.D.C. Aug. 30, 2007).

**I.    PROCEDURAL HISTORY**

On February 15, 2007, the Plaintiff filed a verified complaint for mandamus in this Court, seeking to compel the Defendants to take all appropriate action to adjudicate his long-delayed application for adjustment of status. He set forth facts demonstrating that the Defendants – in particular U.S. Citizenship and Immigration Services ("CIS") – have improperly withheld action on his application for an unreasonable time, to his detriment. The Plaintiff requested that the Court assume jurisdiction over his complaint

pursuant to 28 U.S.C. §1361 (mandamus statute), 8 U.S.C. §1329 (jurisdiction of the district courts), and 28 U.S.C. §1331 (federal subject matter jurisdiction), as well as 5 U.S.C. §555(b) and §702 (Administrative Procedures Act). He further requested that the Court order the Defendants and those acting under them to perform their non-discretionary duty and adjudicate his adjustment application without further delay.

On May 14, 2007, the Defendants filed a motion to dismiss the Plaintiff's complaint, arguing lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. According to the Defendants, this Court is stripped of subject matter jurisdiction over the Plaintiff's complaint by section 242(a)(2)(B)(ii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1252(a)(2)(B)(ii), which divests courts of jurisdiction to review "an agency's discretionary decision or action," as well as by 8 U.S.C. §1252(g). The Defendants further argued that the Court lacks subject matter jurisdiction because the Plaintiff has no "clear right to an immediate adjudication" of his adjustment application, and the Defendant CIS "owes no clear duty to adjudicate" the Plaintiff's application prior to completion of all required background checks. Finally, the Defendants asserted that the Court cannot review the Plaintiff's mandamus complaint under the APA, because the APA "does not provide for an independent basis to review agency action" – unless coupled with another jurisdictional basis, such as 28 U.S.C. §1331 – and the APA "precludes judicial review of agency's discretionary decisions."

On July 18, 2007, the Plaintiff filed an opposition to the Defendants' motion to dismiss, informing the Court of several factual errors and omissions in the Defendant's response and addressing each of the Defendant's arguments in support of dismissal. In particular, the Plaintiff advised the Court that the Government's jurisdiction-stripping

arguments under 8 U.S.C. §1252(a)(2)(B)(ii) are contrary to the "overwhelming weight of authority" on this issue, which holds that CIS has "a non-discretionary duty to process or adjudicate an adjustment application" and that "that duty supports a mandamus action." *Duan v. Zamberry*, Slip Copy, 2007 WL 626116 (W.D. Pa. Feb. 23, 2007); *see also Ma & Liu v. Gonzales*, Slip Copy, 2007 WL 1655188 (W.D. Wash. June 5, 2007); *Pool v. Gonzales*, Slip Copy, 2007 WL 1613272 (D.N.J. June 1, 2007); *Ibrahim v. Chertoff*, Slip Copy, 2007 WL 1558521 (S.D. Cal. May 25, 2007); *Chen v. Heinauer*, Slip Copy, 2007 WL 1468789 (W.D. Wash. May 18, 2007); *Koren v. Chertoff*, Slip Copy, 2007 WL 1431948 (D. Conn. May 14, 2007); *Dmitriev v. Chertoff*, Slip Copy, 2007 WL 1319533 (N.D. Cal. May 4, 2007); *Huang v. Gonzales*, Slip Copy, 2007 WL 1302555 (W.D. Wash. May 2, 2007); *Wu v. Chertoff*, Slip Copy, 2007 WL 1223858 (N.D. Cal. Apr. 25, 2007); *Song v. Klapakas*, Slip Opinion, 2007 WL 1101283 (E.D. Pa. Apr. 12, 2007); *Mahd v. Chertoff*, Slip Copy, 2007 WL 891867 (D. Colo. Mar. 22, 2007); *Singh v. Still*, 470 F. Supp. 2d 1064 (N.D. Cal. 2006); *Aboushaban v. Mueller*, Slip Copy, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006); *Zahani v. Neufeld*, Slip Copy, 2006 WL 2246211 (M.D. Fla. June 26, 2006); *Elkhatib v. Butler*, Slip Copy, 2005 WL 5226742 (S.D. Fla. June 7, 2005). The Plaintiff further noted that 8 U.S.C. §1252(g) is irrelevant to the instant case, because "section 1252(g) applies only to INS actions related to deportation or removal." *Fu v. Reno*, 2000 WL 1644490, at *3 (N.D. Tex. Nov. 1, 2000); *see also Hu v. Reno*, 2000 WL 425174, at *2 (N.D. Tex. Apr. 18, 2000); *Paunescu v. INS*, 76 F. Supp. 2d 896, 898 (N.D. Ill. 1999).

In addition, the Plaintiff noted that numerous federal district courts have ruled that adjudication of a properly filed adjustment of status application, including completion of

all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *See, e.g.*, *Liu v. Chertoff*, Slip Copy, 2007 WL 1202961, at *3 (C.D. Ill. Apr. 23, 2007); *Ma & Liu*, 2007 WL 1655188, at *4; *Pool*, 2007 WL 1613272, at *2; *Ibrahim*, 2007 WL 1558521, at *5; *Chen*, 2007 WL 1468789, at *4; *Koren*, 2007 WL 1431948, at *7; *Dmitriev*, 2007 WL 1319533, at *3; *Huang*, 2007 WL 1302555, at *4; *Wu*, 2007 WL 1223858, at *2-3; *Song*, 2007 WL 1101283, at *3; *Duan*, 2007 WL 626116, at *3; *Mahd*, 2007 WL 891867, at *3; *Singh*, 470 F. Supp. 2d at 1067; *Aboushaban*, 2006 WL 3041086, at *2; *Zahani*, 2006 WL 2246211, at *1; *Elkhatib*, 2005 WL 5226742, at *2.

Finally, the Plaintiff countered the Defendants' claim that his allegations of unreasonable delay are unreviewable under the APA, pointing out that this Court has recently held, in the context of a mandamus action, that it "clearly has jurisdiction to review a claim of unreasonable delay of agency action" under the APA. *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114 (D.D.C. 2005). According to the Court, where a plaintiff "ha[s], in fact, demonstrated unreasonable delay," he has thereby established "a 'clear right' to relief under the Mandamus Act." *Id.*

In the instant case, the Plaintiff has fully complied with all the requirements for seeking adjustment of status, including making countless inquiries with CIS into the unexplained delays in reaching a decision on his application; the delay of more than four years to adjudicate his properly filed application is *per se* unreasonable. Under similar circumstances, the overwhelming majority of federal courts have held that the Government's failure to adjudicate is unreasonable and a breach of its ministerial non-discretionary duty. *See, e.g.*, *Ma & Liu*, 2007 WL 1655188, at *4; *Pool*, 2007 WL

1613272, at *2; *Koren*, 2007 WL 1431948, at *6; *Dmitriev*, 2007 WL 1319533, at *3;

*Huang*, 2007 WL 1302555, at *3; *Wu*, 2007 WL 1223858, at *2-3; *Song*, 2007 WL

1101283, at *4; *Duan*, 2007 WL 626116, at *4; *Singh*, 470 F. Supp. 2d at 1072; *Fu*, 2000

WL 1644490, at *6; *Yu*, 36 F. Supp. 2d at 932; *Agbemaple*, 1998 WL 292441, at *2

(N.D. Ill. May 18, 1998); *Gelfer*, 2007 WL 90382, at *3.

On July 18, 2007, the Defendants filed a reply to the Plaintiff's opposition

motion, repeating their argument that 8 U.S.C. §1252(a)(2)(B)(ii) strips this Court of

jurisdiction over the Plaintiff's complaint because "federal courts in the District of

Columbia should approach § 1252(a)(2)(B)(ii) with finding no jurisdiction as their

starting point[.]" Defendants' Reply to Plaintiff's Opposition ("Defendants' Reply"), at 7

(citing *Zhu v. Gonzales*, 411 F.3d 292 (D.C. Cir. 2005)). Furthermore, according to the

Defendants, this Court should follow the reasoning of *Safadi v. Howard*, 466 F. Supp. 2d

696 (E.D. Va. 2006), and find that "the entire immigration adjustment process is

discretionary and federal courts have no jurisdiction to review the pace of adjustment

claims." Defendants' Reply at 4.

No further pleadings have been filed with the Court.

## II.    STANDARD FOR SUBMISSION OF SUPPLEMENTAL PLEADING

Pursuant to Fed. R. Civ. P. 15(d), a party may move the Court for permission to

file a supplemental pleading "setting forth transactions or occurrences or events which

have happened since the date of the pleading sought to be supplemented." *See United

States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002); *see also Hall v. C.I.A.*, 437 F.3d 94,

100 (D.C. Cir. 2006). Rule 15(d) is intended to afford the Courts broad discretion in

allowing a supplemental pleading. *Planned Parenthood of Southern Arizona v. Neely*,

130 F.3d 400, 402 (9th Cir. 1997) (noting that "leave to permit supplemental pleading is favored").  Supplemental pleadings "should be allowed where they will 'promote the speedy and economical disposition of a controversy.'"  *Matsushita Elec. Indus. Co. Ltd. v. CMC Magnetics Corp.*, Slip Copy, 2007 WL 127997, at *1 (N.D. Cal. Jan. 12, 2007) (quoting *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988)).

Where a supplemental pleading is offered, the Court is to determine, in light of the particular circumstances, whether filing should be permitted, and if so, upon what terms.  *See Gomez v. Wilson*, 477 F.2d 411, 417 (D.C. Cir. 1973).  As the U.S. Supreme Court has declared, "Rule 15(d) of the Federal Rules … plainly permits supplemental amendments to cover events happening after suit ….  Such amendments are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice."  *Griffin v. County School Bd.*, 377 U.S. 218, 227 (1964); *see also Gomez*, 477 F.2d at 417 n.34.

Supplemental pleading is appropriate in this case to bring to the Court's attention a significant occurrence that happened after the Plaintiff filed his Opposition to Defendants' Motion to Dismiss on June 15, 2007.  Specifically, on August 30, 2007, this Court issued a published opinion squarely addressing the central legal issues that are disputed in the case at bar.  *Liu v. Novak*, – F. Supp. 2d – (Slip Opinion), 2007 WL 2460425 (D.D.C. Aug. 30, 2007).  The Plaintiff respectfully seeks permission to address the relevance and impact of the Court's *Liu* decision to his pending mandamus suit.

## III.    RECENT PERTINENT AUTHORITY

On August 30, 2007, this Court issued a published decision in *Liu v. Novak*, – F. Supp. 2d – (Slip Opinion), 2007 WL 2460425 (D.D.C. Aug. 30, 2007).  Like the Plaintiff

Alexei Orlov, the plaintiff in *Liu* filed suit to compel the U.S. government defendants –
including CIS – to adjudicate his application for adjustment of status, which had been
pending with the agency for more than four years, allegedly owing to uncompleted
security background checks.  *Id.* at *1.  As in the instant case, the government moved to
dismiss the plaintiff's complaint, asserting lack of subject matter jurisdiction and failure
to state a claim, and moved also for summary judgment.  Specifically, the defendants
argued (1) that the Court lacks jurisdiction pursuant to 8 U.S.C. §1252(a)(2)(B)(ii) and 8
U.S.C. §1252(g); (2) that mandamus is inappropriate because the defendants do not owe
the plaintiff a non-discretionary duty; and (3) that federal question jurisdiction under the
APA is unavailable because "adjustment of status is discretionary and thus unreviewable
by courts." *Id.* at *2.  This Court rejected each of the defendants' arguments in turn.

According to the *Liu* Court, although it is clear that the agency's decision to grant
or deny an adjustment application is "'wholly discretionary' … and therefore barred from
judicial review," it is a matter of dispute among federal courts whether 8 U.S.C.
§1252(a)(2)(B)(ii) also bars their review of the government's delay or failure to
adjudicate a properly filed application for adjustment.  *Id.* at *3 (quoting *Kim v. Ashcroft*,
340 F. Supp. 2d 384, 389 (S.D.N.Y. 2004)).  *Liu* acknowledged the authority relied upon
by the Defendants in this case, *Safadi v. Howard*, 466 F. Supp. 2d 696 (E.D. Va. 2006),
which concluded that courts lack jurisdiction under the "plain meaning" of section
1252(a)(2)(B)(ii), because "the term 'action' 'encompasses the entire process of
reviewing an adjustment application, including the completion of background and
security checks and the pace at which the process proceeds." *Liu*, 2007 WL 2460425, at
*3 (quoting *Safadi*, 466 F. Supp. 2d at 699).  However, the Court observed that "there is

also significant district court authority holding that § 1252(a)(2)(B)(ii) does *not* bar judicial review of the pace of application processing or the failure to take an action." *Id.* at *4 (emphasis added); *see Duan*, 2007 WL 626116, *2; *Batista v. INS*, 2000 WL 204535, at *2 (S.D.N.Y. Feb. 22, 2000); *see also Elmalky v. Upchurch*, 2007 WL 944330, at *5 (N.D. Tex. Mar. 28, 2007); *Kim*, 340 F. Supp. 2d at 389.

    **A.**       **8 U.S.C. §1252(a)(2)(B)(ii)**

Having evaluated the arguments on both sides, the Court in *Liu* found "three reasons" for rejecting the defendants' jurisdiction-stripping arguments under §1252(a)(2)(B)(ii). *Liu*, 2007 WL 2460425, at *5.

> First, the provision only applies to jurisdiction to review a "decision or action" of the Department of Homeland Security. In this case, plaintiff is challenging the *absence* of a decision or action, specifically the *failure to adjudicate* his application. Review over the lack of action is not barred.

*Id.* (emphasis added). The Court was unpersuaded by the "plain meaning" argument in *Safadi*, "clever though it may be." *Id.* The fatal deficiency of this line of reasoning – which the Defendants vigorously advance in the case at bar – is that *Safadi* "essentially finds that inaction is within the 'plain meaning' of action. The established body of administrative law though, distinguishes between the two." *Id.* (citing *Sierra Club v. Thomas*, 828 F.2d 783, 793 (D.C. Cir. 1987)).

Second, the Court held, §1252(a)(2)(B)(ii) applies not to all discretionary decisions, but only to the "narrower category of decisions where Congress has taken the additional step to specify that the sole authority for the action is in the Attorney General's discretion." *Id.* (internal quotation omitted). *Liu* pointed out that the relevant subchapter of the statute at issue fails even to address, much less specify, any discretion associated

with the *pace* of application processing. *Id.* (citing *Duan*, 2007 WL 626116, at *2). "Thus, plaintiff's claim is not barred by §1252(a)(2)(B)(ii) for this reason as well." *Id.*

Third, the Court noted that all applicable presumptions favor concluding that jurisdiction exists to consider the plaintiff's mandamus suit. *Id.* at *6. The following operative principles were identified: (1) Congress's intent to limit federal jurisdiction must be "clear and convincing" in order to preclude judicial review; (2) there is a general presumption in favor of judicial review of administrative acts; (3) statutory ambiguities in immigration laws are to be resolved in favor of immigrants. *Id.* "In light of all three principles, the Court concludes that §1252(a)(2)(B)(ii) does *not* eliminate this Court's jurisdiction over plaintiff's claim." *Id.* (emphasis added).

**B.    8 U.S.C. §1252(g)**

Turning next to the defendants' contention that 8 U.S.C. §1252(g) bars jurisdiction over the plaintiff's complaint, the *Liu* Court observed that this argument "ignores the statute's language and Supreme Court precedent." *Id.* As the Plaintiff in the case at bar pointed out in his opposition to the Defendants' motion to dismiss, section 1252(g) applies only to agency actions related to deportation or removal – specifically, to any "decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. §1252(g). Therefore, the Defendants' reliance on this statute is curious, to say the least, because the provision is plainly irrelevant to the present circumstances. As this Court made clear in *Liu*, "[b]ecause this case does not involve any of the explicitly mentioned steps in the deportation process, or any aspect of the deportation process at all, §1252(g) does not apply to the plaintiff's claim." *Liu*, 2007 WL 2460425, at *6 (citing *Reno v.*

*American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999); *Paunescu*, 76 F. Supp. 2d at 899).

> C.      28 U.S.C. §1331 and the APA

Finally, the *Liu* Court addressed the government's insistence that no jurisdiction lies under the APA in conjunction with the federal question statute, 28 U.S.C. §1331, because adjustment of status decisions are "committed to the discretion of the Attorney General" and "cannot be brought under the APA." *Liu*, 2007 WL 2460425, at *7. At the outset, the Court recalled that "28 U.S.C. §1331 in combination with the APA, vests the court with jurisdiction to compel agency action that is unreasonably delayed or withheld." *Id.* Furthermore, under the law of this circuit, jurisdiction does exist to review certain kinds of agency inaction. "One type are claims that allege that 'the pace of the agency decisional process lags unreasonably.'" *Id.* (quoting *Sierra Club*, 828 F.2d at 794). Furthermore,

> In such cases, "the statutory duty involved … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice." Agencies most often bear this duty of timeliness as a result of the APA's broad prohibition against "unreasonable delay."

*Id.* (internal citations omitted). Consequently, *Liu* held, "the Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application." *Id.*

Turning to the merits of Mr. Liu's claim, the Court was unpersuaded by the defendants' summary contention that "plaintiff's factual allegations do not demonstrate an unreasonable delay," particularly because the government offered no specific explanation for why the four-year delay had, in fact, been "reasonable." *Id.* at *8.

Looking for authority on the issue from other jurisdictions, the Court noted that "[f]ederal courts have held that delays as long as four years are unreasonable for immigrant status adjustment applications." *Id.*; *see also Singh v. Still*, 470 F. Supp. 2d 1064, 1071 (N.D. Cal. 2007); *Haidari v. Frazier*, 2006 WL 3544922, at *6 (D. Minn. Dec. 8, 2006); *Yu v. Brown*, 36 F. Supp. 2d 922, 935 (D.N.M. 1999). The Court noted further that the defendants' delay has acted to deprive the plaintiff of the benefits of permanent resident status, which also favors a finding that the delay is unreasonable. Moreover, as in the case at bar, the government did not dispute that there was no active investigation of the plaintiff by the FBI or any other agency, but simply claimed that "requiring the processing of plaintiff's application may increase the delay for others." *Liu*, 2007 WL 2460425, at *9. Absent any information on the extent of the potential impact, however, the Court was unconvinced by the defendants' insistence that their delay in adjudication was not unreasonable. *Id.*

Accordingly, the Court ruled that it has jurisdiction over the plaintiff's APA claim and agreed with the plaintiff that the adjudication of his adjustment of status application had been unreasonably delayed. *Id.*

> Based on the nature of the security check process, the findings of other courts, and the prejudice to the plaintiff, the Court concludes that the present four-year delay in adjudicating plaintiff's application is unreasonable. Though they had ample opportunity, defendants have failed to provide information that would allow the Court to find plaintiff's interests outweighed by the impact of a remedy on other agency activities.

*Id.* The Court consequently denied the government's motion to dismiss and ordered the defendants to complete adjudication of the plaintiff's adjustment of status application within 90 days of the Court's order. *Id.*

## IV.     APPLICABILITY TO THE PLAINTIFF'S CASE

The *Liu* decision is significant because, to the undersigned counsel's knowledge and belief, it is the first published opinion by this Court specifically addressing jurisdiction of the district court over a mandamus complaint that challenges the government's unreasonable delay in adjudicating a properly filed adjustment of status application.  In addition, *Liu* explicitly considers – and rejects – the jurisdictional arguments and out-of-district authority relied upon by the Defendants in the instant case. In light of the well-reasoned opinion in *Liu*, this Court should now proceed to issue a decision on the Plaintiff's pending complaint and should likewise deny the government's motion to dismiss, grant the Plaintiff's prayers for relief, and order the Defendants to adjudicate his long-pending adjustment of status application without further delay.

## V.     CONCLUSION

Based on the foregoing, the Plaintiff respectfully prays that the Court grant his Motion to File Supplemental Pleading pursuant to Fed. R. Civ. P. 15(d).

Respectfully submitted,

ALEXEI ORLOV

*By counsel,*

_____/s/_____
Thomas K. Ragland
DC Bar Number: 501021

MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
Phone:  (202) 483-0053
Fax:  (202) 483-6801
tragland@maggio-kattar.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

ALEXEI ORLOV,                                    )
                                                 )
        Plaintiff                                )          Civ. No.  1:07-cv-350 (JDB)
                                                 )
v.                                               )
                                                 )
PHYLLIS HOWARD, District Director,               )
U.S. Citizenship and Immigration Services, et al., )
                                                 )
        Defendants                               )
_____)

**<u>ORDER</u>**

        UPON CONSIDERATION of the Plaintiff's Motion to File Supplemental

Pleading, pursuant to Fed. R. Civ. P. 15(d), and the Defendants' response thereto, it is

this _____ day of _____, 2007

        HEREBY ORDERED that the motion is GRANTED.

Date_____          _____
                                JOHN D. BATES
                                United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
ALEXEI ORLOV,                             )
                                          )
        Plaintiff                         )        Civ. No.  1:07-cv-350 (JDB)
                                          )
v.                                        )
                                          )
PHYLLIS HOWARD, District Director,        )
U.S. Citizenship and Immigration Services, et al., )
                                          )
        Defendants                        )
_____ )


## CERTIFICATE OF SERVICE

I, Thomas K. Ragland, hereby certify that on September 12, 2007 a true and correct copy of the foregoing Motion to File Supplemental Pleading, Memorandum of Points and Authorities in Support of Motion to File Supplemental Pleading, and proposed order was filed via the electronic case filing system and thereby served upon:

                    Heather Graham-Oliver
                    Assistant U.S. Attorney
                    Civil Division
                    555 4th Street, NW
                    Washington, DC 20530.


_____/s/_____
Thomas K. Ragland

MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036

Phone: (202) 483-0053
Fax: (202) 483-6801
tragland@maggio-kattar.com